## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

PNGI CHARLES TOWN GAMING, LLC,   :
             Petitioner   :
           :
v.   :   Civil Action No. 3:14-cv-2 (Groh) _____
           :
TINA MAWING AND THE CHARLES   :
TOWN HORSEMEN'S BENEVOLENT   :   Electronically filed:  January 6, 2014
PROTECTIVE ASSOCIATION,   :
           :
           Respondents   :

### PETITIONER PNGI CHARLES TOWN GAMING, LLC'S MOTION TO VACATE ARBITRATION AWARD

Petitioner PNGI Charles Town Gaming, LLC ("PNGI") moves the Court pursuant to 9 U.S.C. §10(a)(2) and (4) for an Order vacating the Partial Final Award issued on October 7, 2013 (the "October 7 Award") in the matter of Charles Town Horsemen's Benevolent Protective Association, et al. v. PNGI Charles Town Gaming, LLC, AAA No. 55-196-Y-00015-12.  A complete vacation of the award is appropriate for several reasons.

First, the arbitration agreement between the parties required the arbitration to take place before a panel of three arbitrators; one each appointed by the parties and a third appointed by the party-appointed arbitrators.  The arbitrator appointed by Petitioner became ill with a terminal disease and the record shows that he did not participate in the deliberations and decision-making concerning the October 7 Award.  The remaining two arbitrators exceeded their authority by issuing the October 7 Award without the input of the Petitioner- appointed arbitrator.

Second, even if the remaining two arbitrators had not exceeded their power by issuing the October 7 Award, the award must be vacated because it is not a final and definite award in that it concedes that damages and fees could not be calculated on the closed record.

1

Third, the arbitrator appointed by Respondents demonstrated gross and sustained bias against PNGI throughout the course of the arbitration, which bias included both the adding of claims to the litigation on Respondents' behalf and caustically cross-examining Petitioner's witnesses.

For these reasons and those set forth more fully in the memorandum of law in support of this motion, which is being filed herewith and is incorporated herein as if set forth in full, PNGI requests that the October 7 Award be vacated and the case sent back to the American Arbitration Association for the commencement of a new arbitration with a new panel of three arbitrators.

Dated: January 6, 2014

By: /s/ Brian M. Peterson
Brian M. Peterson
Bowles Rice LLP
W.V. Bar No.7770
Post Office Drawer 1419
Martinsburg, West Virginia 25402-1419
Telephone: (304) 264-4223
Facsimile: (304) 267-3822

Of Counsel

Stacey A. Scrivani
Stevens & Lee, P.C.
W.V. No. 11593
111 North Sixth St.
Reading, PA 19603
Telephone: (610)478-2086
Facsimile: (610)988-0812